```
            IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

MAURICE TOVAL,                   §
                                 §
        Plaintiff,               §
                                 §
VS.                              §   NO. 4:05-CV-780-A
                                 §
NORMAN MINETA, Secretary,        §
Department of Transportation,    §
                                 §
        Defendant.               §

## MEMORANDUM OPINION
## and
## ORDER

On October 5, 2006, defendant, Norman Mineta, Secretary, Department of Transportation, moved for summary judgment on the discrimination claims asserted by plaintiff, Maurice Toval ("Toval"), in this suit. Having considered the motion, the summary judgment evidence, and the applicable legal authorities, the court concludes that the motion should be granted.

I.

### Toval's Claim

On December 7, 2005, Toval filed his original complaint in this court. He contends that defendant discriminated against him on the basis of race, color, sex, and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq..

II.

### The Motion for Summary Judgment

First, defendant maintains that Toval cannot establish a prima facie case of racial discrimination and, consequently, that such a claim cannot survive summary judgment.  Second, while "Toval has established a prima facie case for gender and age discrimination," defendant urges that it had a legitimate, nondiscriminatory reason for not promoting Toval to the position at issue.  Def.'s Br. in Supp. of Mot. for Summ. J. 11.  Thus, according to the motion, because Toval has failed to meet his burden to show that defendant's asserted rationale was actually a pretext for discrimination, Toval's claims for gender and age discrimination must also fail.

III.

## Undisputed Facts

Toval has been employed by defendant in a GM/GS-13 position since 1985 and currently works as a GS-13 Auditor in the Fort Worth, Texas office.  On July 11, 2003, Toval applied for a promotion to Supervisory Auditor under defendant's Announcement No. I-03-64.  Toval's application was found by defendant's Office of Human Resources to meet the minimum qualifications for the position, and along with fourteen other applications, was sent to a three-member rating and ranking panel ("Panel") for consideration. The purpose of the Panel was to conclude which, if any, of the applications should be sent to the selecting official, Debra Ritt ("Ritt"), for further review.  Following the Panel's evaluation[1],

---

[1] According to defendant's motion, of the three-member Panel reviewing Toval's application, two members had no knowledge of his race, age, or any previous EEO activity, and one member "was not fully aware" of these facts. Def.'s Motion 8.

2

Toval received the lowest possible overall rating, "qualified" as opposed to "highly qualified" or "best qualified," and his application was not included in those sent to Ritt for review.  Out of the nine applicants interviewed by Ritt, Ms. Paulette Heggins-Carter[2] was chosen on October 18, 2003, as the best qualified for the position as Supervisory Auditor in the Fort Worth, Texas office.

In a complaint filed with defendant's Equal Employment Office ("EEO") program manager on August 25, 2003, Toval complained that defendant was engaged in discriminatory hiring practices.  A counselor with the EEO contacted Toval on November 19, 2003, concerning his discrimination claims.  On December 15, 2003, Toval filed a formal complaint with the EEO asserting that "[b]ecause of [p]laintiff's race (African American), color (Black), sex (male), and age ([p]laintiff's date of birth is August 25, 1946), the [d]efendant failed to promote [p]laintiff."  Pl.'s Compl. 2.  On February 2, 2004, defendant's Departmental Office of Civil Rights accepted plaintiff's complaint for investigation.  On August 25, 2005, the Equal Employment Opportunity Commission ("EEOC") rendered a decision regarding plaintiff's complaint. See Pl.'s Compl. Ex. C (issuing summary judgment against Toval).  Subsequently, on September 8, 2005, Toval received a letter indicating that the EEOC decision had been reviewed and accepted and that he was now eligible to file a civil suit concerning the alleged

---

[2] Ms. Heggins-Carter is a black, African-American female under the age of forty.

3

discrimination.

IV.

Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the nonmoving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the nonmoving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256.

V.

Analysis

A. Racial and Gender Discrimination Under Title VII

To establish a claim for discrimination under Title VII,

4

Toval must adduce prima facie evidence that such discrimination occurred. The court applies the three-step analytical framework from McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973)See also Oden v. Oktibbeha County, 246 F.3d 458, 468 (5th Cir. 2001). In a Title VII action, the complainant must first carry the initial burden under the statute of establishing a prima face case of discrimination. McDonnell at 802. If he does, "the burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Id. Finally, complainant must "be afforded a fair opportunity to show that [defendant's] stated reason for [his] rejection was in fact pretext." Id. at 804.

In order to prove his claims for racial and gender discrimination, the first step in that framework requires Toval to make a prima facie showing of such discrimination under Title VII. To do so, Toval must adduce evidence that (1) he was within a protected class, (2) he was qualified for the position sought, (3) he was not promoted, and (4) the position was filled by someone outside the protected class. See Oden, 246 F.3d at 468. If there is no evidence supporting any of those elements, then Toval will fail to meet his burden of producing a prima facie case, that is, establishing a "legally mandatory, rebuttable presumption" that he was not promoted because of his being a member of the protected class. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 n.7 (1981).

Toval has failed to meet his burden in proving a prima facie

case of racial discrimination because he cannot show that the position at issue was filled by someone outside the protected class. Ms. Heggins-Carter, the applicant chosen by defendant to fill the position, is the same color and race as Toval, i.e. black and African American, thus, she is not outside the protected class and Toval's claim for racial discrimination cannot succeed.

Defendant concedes that Toval has established a prima facie case of gender discrimination. Thus, defendant attempts to prove in his motion for summary judgment that he had a legitimate, nondiscriminatory reason for rejecting Toval for the position. The summary judgment evidence outlines step by step the process that was used in selecting an applicant to fill the position. Further, the summary judgment evidence shows that defendant's legitimate, nondiscriminatory reason for selecting someone other than Toval, was simply that Toval was not the most qualified applicant for the job. See Def.'s Br. in Supp. of Mot. for Summ. J. 11-15. Accordingly, defendant has met his burden of demonstrating a valid reason for the non-selection. See Price v. Federal Express Corp., 283 F.3d 715, 720 (5th Cir. 2002) (stating that selecting a more qualified applicant for a position is a legitimate, nondiscriminatory reason for non-selection of an employee claiming discrimination). Consequently, the inference of discrimination created by Toval's prima facie case "drops out" and the burden shifts to him to prove defendant's supposed legitimate reason was actually a pretext for discrimination. See id. at 720.

On summary judgment, once the burden has shifted back to the

6

plaintiff, he "must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." Id. (citing Rubenstein v. Adm'rs. of the Tulane Educ. Fund, 218 F.3d 392, 400 (5th Cir. 2000). Because Toval has failed to show that such pretext existed, his claim for gender discrimination must fail.

B. Age Discrimination under the ADEA

The ADEA provides that "it shall be unlawful for an employer . . . [to] discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case under the ADEA, Toval must show that: (1) he was not selected for promotion, (2) he was qualified for the position in question, (3) he is a member a protected class (i.e. over the age of forty), and (4) he was replaced by someone outside the protected class or younger. See, e.g., Evans v. City of Houston, 246 F.3d 344, 350 (5th Cir. 2001); Bennett v. Total Minatome Corp., 138 F.3d 1053, 1060 (5th Cir. 1998). Defendant concedes that Toval has met his burden in proving a prima facie case under the ADEA.

Once a plaintiff has established a prima facie case under the ADEA, the court's analysis of the claim is identical to that of a Title VII action. Accordingly, the court's earlier discussion of Toval's Title VII gender discrimination claim is instructive. See supra Part V.A. First, defendant's asserted reason for not selecting Toval for the position at issue was legitimate and nondiscriminatory, he was not the most qualified applicant for the job. Second, Toval has failed to prove that such a reason was a

7

pretext for any discrimination, gender or age.  Thus, Toval's age discrimination claim must also fail.

## VI.

### Order

For the reasons discussed above, the court concludes that defendant's motion for summary judgment should be granted. Therefore,

The court ORDERS that all claims and causes of action brought by Toval against defendant in the above-captioned action be, and are hereby, dismissed with prejudice.

SIGNED November 1, 2006.

                                    /s/ John McBryde
                                    JOHN McBRYDE
                                    United States District Judge